PREET BHARARA
United States Attorney for the
Southern District of New York
By: LOUIS A. PELLEGRINO
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel. No.: (212) 637-2689
Fax No.: (212) 637-2686
Email: louis.pellegrino@usdoj.gov

HEARING DATE: May 12, 2010
TIME: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

In re:

DAVID BENSIMONE,

        Debtor.

------------------------------------x

Case No.: 09-24253 (RDD) (Ch.13)

### INTERNAL REVENUE SERVICE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

The United States of America, on behalf of the Internal Revenue Service (the "Government" or the "IRS"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, hereby objects to the Chapter 13 Plan (the "Plan") proposed by debtor David Bensimone ("Debtor"). As more fully set forth below, the Plan should not be confirmed because (i) the Plan does not provide for payment of the IRS's priority and unsecured claims and (ii) the Plan is not feasible because it provides only for a Plan payment of $3,447.00, which is well below the $395,513.55 in secured and priority claims owed by Debtor.

### BACKGROUND

1.    On or about December 2, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition") (Dkt. Item No. 1)

and a proposed Chapter 13 Plan (Dkt. Item No. 5). The Plan provided for Debtor to make total payments of $3,447.00 payable in installments of $57.45 per month over a period of sixty months.

2. The Plan purports to provide that claims entitled to *pro rata* priority treatment under 11 U.S.C. § 507 shall be paid in full; and unsecured, nonpriority claims shall be paid *pro rata* from the balance of payments made under the Plan. (Dkt. Item No. 5, at 7.)

3. Schedule E of Debtor's petition reflects unsecured priority claims in favor of IRS in the amount of $1,100.00. (A copy of Debtor's Schedule E was filed as part of the Plan, Dkt. Item No. 5.)

4. On December 15, 2009, the IRS filed a Proof of Claim for federal taxes against the Debtor in the amount of $1,086.25, on account of a due and owing, but unpaid, tax liability for tax year 2008. The Proof of Claim reflects (i) a priority claim based on Federal tax liability in the amount of $1,026.57 and (ii) an unsecured general claim based on interest owed in the amount of $59.68. (*See* Claim No. 1, Claims Register.)

5. As of April 13, 2010, the United States Bankruptcy Court Claims Register for the Debtor ("Claims Register") reflects total claims against Debtor of $456,407.73, including: secured claims in the amount of $394,486.98, unsecured priority claims in the amount of $1,026.57 (the full amount of which is the Debtor's unpaid IRS tax liability); and unsecured general claims in the amount of $60,894.18 ($59.68 of which is interest owed on Debtor's unpaid IRS tax liability).

## ARGUMENT

6. Debtor's Plan should not be confirmed because (i) the Plan does not provide for satisfaction of the IRS's priority and unsecured claims and (ii) the Plan is not feasible.

A.  **Debtor's Plan Does Not Provide for the IRS's Priority and Unsecured Claims**

7. The IRS objects to confirmation of the Plan because it does not provide for full payment of the IRS's priority claims as required by the Bankruptcy Code. On December 15, 2009, the IRS filed a Proof of Claim reflecting a priority claim based on Federal tax liability in the amount of $1,026.57. This claim, executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, is deemed to "constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *In re Chateaugay Corp.*, 104 B.R. 622, 624-25 (S.D.N.Y. 1989). Under 11 U.S.C. § 507(a)(8), the priority tax claim of the IRS must be paid in full in deferred cash payments unless the holder of a claim agrees to different treatment. *See* 11 U.S.C. § 1322(a)(2).

8. Debtor's Plan does not allocate any payments for the IRS's priority claims. Accordingly, the Plan cannot be confirmed. *See In re Escobedo*, 28 F.3d 34, 35 (7th Cir. 1994) ("Any plan lacking the requirements of § 1322(a)(2) (a full payment of priority claims) cannot be confirmed without the claim holder's consent"); *In re Eysenbach*, 183 B.R. 365, 367 (W.D.N.Y. 1995).

B.  **The Plan Is Not Feasible**

9. The Plan is further objectionable because it does not appear to be feasible. *See* 11 U.S.C. § 1325(a)(6); *In re Felberman*, 196 B.R. 678, 685 (Bankr. S.D.N.Y. 1995) ("Before a Chapter 13 plan may be confirmed, pursuant to section 1325(a)(6), a court must determine that the debtor is able to make the payments required in the plan. The debtor has the burden of proving that the plan is feasible.").

10. Section A of the Plan indicates an ability to remit monthly payments totaling $57.45 per month over the sixty-month life of the Plan. According to the Claims Register, the

total of creditors' secured and priority claims, not including Chapter 13 Trustee's fees, is $395,513.55. This figure reflects secured claims in the amount of $394,486.98, and unsecured priority claims in the amount of $1,026.57. These amounts far exceed the total Plan payment of $3,447.00 proposed by Debtor.

## CONCLUSION

For the foregoing reasons, the IRS objects to confirmation of Debtor's Plan and respectfully requests that confirmation be denied.

Dated: New York, New York
April 15, 2010

                                      Respectfully submitted,

                                      PREET BHARARA
                                      United States Attorney for the
                                      Southern District of New York
                                      Attorney for the United States of America

By:   s/ Louis A. Pellegrino
       LOUIS A. PELLEGRINO
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.: (212) 637-2689
       Fax: (212) 637-2686
       Email: louis.pellegrino@usdoj.gov